I agree with Justice See's conclusion that Alabama Power Company is entitled to a new trial because the trial court erred in giving a jury instruction on spoliation. I join that portion of his opinion explaining why the condition of the arrester before it was destroyed was immaterial.
I write specially to state that I do not consider a spoliation instruction allowing an inference of wrongdoing from the destruction to be precluded every time the alleged spoliator makes a potentially self-serving claim of negligence. In such instances, the victim of spoliation should not be deprived of such an instruction merely upon the spoliator's asserting, "Oops, I dropped it." However, in order to overcome such an assertion by the alleged spoliator, the victim should do more than simply prove the occurrence of the destruction, as was the case here. The victim should, however, be entitled to a spoliation instruction upon adducing evidence that would be sufficient for the jury to infer the commission of an intentional act — evidence such as the rarity of such an occurrence of destruction in the ordinary course of business; the frequency with which such a destruction occurs under circumstances that make a claim possible; inconsistencies in the testimony of those asserting that simple negligence caused the destruction; or other evidence challenging the credibility of the persons claiming the destruction was caused merely by negligence.
Even in instances where the circumstances surrounding the destruction of evidence suggest simple negligence, an instruction that is not so severe as to allow an inference of wrongdoing based on the fact of the destruction, but that shifts the *Page 504 
burden of proof, might be appropriate, especially where the plaintiff has satisfied all other elements necessary to defeat a motion for a judgment as a matter of law. See Welsh v. United States,844 F.2d 1239, 1246 (6th Cir. 1988), where the court recognized that "[d]estruction of potentially relevant evidence obviously occurs along a continuum of fault — ranging from innocence through the degrees of negligence to intentionality." The Welsh court then analyzed the resulting penalties that are possible dependent upon the circumstances of each case, going from nothing to a burden-shifting rebuttable presumption to an inference that the missing evidence would have been unfavorable to the spoliator. A burden-shifting instruction in the case of a merely negligent loss would not require the innocent party to suffer the consequences resulting from the fact that his or her burden of proof has been made greater by the negligence of the adversary, and, at the same time, it would not impose an excessively harsh sanction upon a merely negligent party.